# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| WILLIAM GLENN ROGERS, | ) |  |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | NO. 3:13-cv-00141 |
| TONY MAYS, Warden, | ) | |
| | ) | DEATH PENALTY CASE |
| Respondent. | ) | |

## MEMORANDUM OPINION

On March 25, 2019, the Court denied relief to Petitioner on all of his habeas claims and granted a Certificate of Appealability (COA) for five categories of claims. (Doc. No. 154 at 2.) Petitioner has filed a Motion to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure, in which he asks the Court to reconsider the denial of relief on his ineffective-assistance-of-trial-counsel claims regarding mitigation evidence ("IATC-mitigation claims") or to grant a COA for those claims. (Doc. No. 155.) Respondent opposes the motion (Doc. No. 160), which is ripe for review.

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (quoting 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1, pp. 127–128 (2d ed.1995)).

Petitioner argues that the Court erred in determining that his IATC-mitigation claims were procedurally defaulted outside the scope of Martinez v. Ryan, 566 U.S. 1 (2012). (Doc. No. 155 at 2–5.) He refers specifically to Claims C.19–23 and E.1–5. (Id. at 1.)

The Court explained in its previous memorandum that it construed Claim C.19 to assert an exhausted claim about trial counsel's handling of the testimony presented by defense expert Dr. Keith Caruso, and it reviewed the claim on its merits. (Doc. No. 153 at 54–61 and n.15.) And Claim E.1 was not an IATC-mitigation claim at all. Petitioner alleged in E.1 that counsel was ineffective in connection with jury selection, and the Court analyzed that claim on the merits as an exhausted claim. (Doc. No. 14 at 44; Doc. No. 153 at 62–78.) Accordingly, Petitioner's argument about the scope of Martinez simply does not apply to these claims.

With regard to the rest of the claims at issue, the Court determined that those claims were defaulted on post-conviction appeal and not subject to further review. (Doc. No. 153 at 185–86.) The relevant portions of the Court's analysis were:

> The Court has explained above that procedurally defaulted claims are generally subject to habeas review unless a petitioner establishes cause and prejudice to overcome the default. In the past it was firmly settled that ineffective assistance in state post-conviction proceedings could never establish such cause, because there is no constitutional right to effective assistance of counsel in such collateral proceedings. Coleman v. Thompson, 501 U.S. 722, 742–54; Ritchie v. Eberhart, 11 F.3d 587, 590 (6th Cir. 1993); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).
>
> But in 2012, the Supreme Court found it "necessary to modify the unqualified statement in Coleman that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." Martinez v. Ryan, 566 U.S. 1, 9 (2012). It held in Martinez that the ineffective assistance of post-conviction counsel may, under some circumstances, qualify as cause for the default of claims of ineffective assistance of counsel at trial. Id. at 9; see also Sutton v. Carpenter, 745 F.3d 787 (6th Cir. 2014) (holding that Martinez applies in Tennessee). . . . [T]he Court emphasized the narrowness of its holding: "This opinion qualifies Coleman by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez, 566 U.S. at 9.

2

. . .

Another significant limitation on the scope of Martinez is that it only applies to claims that were defaulted at the initial review stage of collateral proceedings:

> The rule of Coleman governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. See 501 U.S., at 754; Carrier, 477 U.S., at 488. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

Martinez, 566 U.S. at 16. So Martinez does not apply to claims that were raised in a post-conviction petition but not raised on post-conviction appeal. West v. Carpenter, 790 F.3d 693, 698 (6th Cir. 2015).

The Court must address one final limitation of Martinez in light of Petitioner's argument in his response and surreply that "Martinez and Trevino apply not only to the failure of post-conviction counsel to raise the claim, but to all situations where the court denied a petitioner's opportunity to vindicate an IATC claim because counsel poorly presented it." (Doc. No. 111 at 346; Doc. No. 137 at 3–4.) In support of this position, he relies primarily on Justice Breyer's 2013 statement on the denial of certiorari, which acknowledges that no federal appellate court to that point had found Martinez to apply to a situation where post-conviction counsel raised a claim but failed to present evidence to support it. Gallow v. Cooper, 570 U.S. 933 (2013) (Breyer, J., statement respecting the denial of certiorari). Such a statement does not establish precedent in support of Petitioner's position, but rather illustrates the lack of it. Teague v. Lane, 489 U.S. 288, 296 (1989) ("[O]pinions accompanying the denial of certiorari cannot have the same effect as decisions on the merits."); Leonard v. Warden, Ohio State Penitentiary, 846 F.3d 832, 853 (6th Cir. 2017) ("This statement regarding certiorari has no precedential effect, and only serves to underscore the lack of clearly established Supreme Court law on precisely this point.").

Petitioner also cites a Fifth Circuit opinion that applied Martinez to review new evidence on a claim that was raised and rejected on its merits in state court. Newbury v. Stephens, 756 F.3d 850, 871 (5th Cir. 2014). But such an application of Martinez is contrary to AEDPA, to Cullen v. Pinholster, 563 U.S. 170 (2011), and to Sixth Circuit precedent. A federal habeas court's review of "any claim that was adjudicated on the merits in State court proceedings" is limited to the evidence presented in the state proceeding, 28 U.S.C. § 2254(d); Pinholster, 563 U.S. at 181–82, and the Martinez exception to enable review of procedurally defaulted claims simply does not apply when a claim has been exhausted on its merits. Moore v.

Mitchell, 708 F.3d 760, 785 (6th Cir. 2013) ("Moore is not asking that we afford a Martinez-like review of a procedurally defaulted claim, but rather that we turn Martinez into a route to circumvent Pinholster. As explained above, though, Pinholster plainly bans such an attempt to obtain review of the merits of claims presented in state court in light of facts that were not presented in state court. Martinez does not alter that conclusion."); West v. Carpenter, 790 F.3d 693, 699 (6th Cir. 2015) ("When the state court denies a petitioner's ineffective-assistance claim on the merits, Martinez does not apply.") The sole purpose of Martinez is to permit habeas petitioners an opportunity to overcome the bar against federal review of claims that "no state court at any level" has heard because they were procedurally defaulted. Martinez, 566 U.S. at 10–11. Accordingly, Martinez does not apply to claims that were not actually defaulted, or were defaulted at some stage other than initial review, even when Petitioner claims they were presented poorly at initial-review proceedings.

. . .

1.      Claim C.20–C.23, E.2–E.5 — Mitigation Evidence

Petitioner alleges that counsel "failed to investigate and develop an accurate mitigation narrative in advance of trial" (C.20), and that they "failed to develop and present an accurate mitigation narrative" (E.2). (Doc. No. 14 at 34, 44.) Those general claims appear simply to summarize the following more specific claims: counsel failed to investigate and present evidence that Petitioner had suffered permanent and significant brain damage in connection with his stepfather's torture of him (C.21 and E.3); counsel "failed to investigate that [Petitioner] experienced Complex Trauma throughout his developmental years" (C.22 and E.4); counsel failed to investigate and present evidence that Johnny Michelli is Petitioner's biological father and that the Michelli family history contains mitigating evidence (C.23 and E.5). (Doc. No. 14 at 35, 44–45.)

In his post-conviction petition, Petitioner raised a claim that counsel had failed to present available mitigation testimony and evidence during the sentencing phase of the trial. (Doc. No. 26-7 at 190.) The post-conviction trial court denied relief on that claim:

> The record reflects that trial counsel presented the testimony of several mitigation witnesses. These included the petitioner's family members, family friends, and school principal, who detailed his difficult upbringing; Dr. Guin, a social worker who detailed the abusive environment present in Louisiana youth correctional facilities during the period in which the petitioner was held at such a facility; Dr. Cunningham, who testified regarding the petitioner's potential for violence in prison; and Dr. Caruso and Dr. Neilson, who testified regarding their psychological testing of the petitioner. The petitioner has raised specific issues regarding the testimony of

4

> both Dr. Caruso and Dr. Guin; as stated earlier in this order, these issues are without merit. Furthermore, no proposed mitigation evidence was presented during the evidentiary hearing, as the only mental health expert who testified, Dr. Auble, focused her testimony on the petitioner's contention that his initial statements to police were coerced. Thus, the Court can only speculate as to the nature of any proposed mitigation evidence or the manner in which it would have aided the petitioner. Thus, the Court finds that the petitioner has not established that counsel rendered ineffective assistance as to this issue.
>
> (Doc. No. 26-8 at 189–90.) Petitioner did not raise this claim on post-conviction appeal. (Doc. No. 26-14.) Accordingly, Respondent argues that the current claims were defaulted on post-conviction appeal. (Doc. No. 134 at 23–24.)
>
> Petitioner relies on Martinez to overcome the default of these claims. (Doc. No. 111 at 309.) He submits mitigation evidence that he argues counsel should have presented in state court (see Doc. No. 111 at 249–309) and argues that Martinez applies to these claims because "if post-conviction counsel's ineffectiveness is the reason that evidence was not developed in state court, the petitioner is not at fault for failing to develop that evidence." (Doc. No. 137 at 3.) But for the reasons discussed above, Martinez does not provide an opportunity to present new evidence in support of claims that were raised and addressed on the merits in state court *or* apply to claims that were defaulted on post-conviction appeal. West v. Carpenter, 790 F.3d 693 (6th Cir. 2015).
>
> Accordingly, Petitioner has failed to overcome the default of these claims, and they are not subject to federal habeas review.

(Doc. No. 153 at 168–72, 185–86.)

Petitioner argues that the Court's determination that these claims were defaulted on post-conviction appeal was incorrect because they were "never presented to the post-conviction trial court." (Doc. No. 155 at 3.) He asserts that "[t]his is not just Mr. Rogers' position, but has also been the Respondent's position throughout the federal habeas litigation." (Id. at 3.) That assertion mischaracterizes the history of this matter. As the Court noted in its previous Memorandum Opinion, Petitioner significantly complicated the task of determining which of his claims were exhausted or even purportedly exhausted by the manner in which he presented them. (Doc. No. 153 at 55 n.16.) Respondent was not immune to that complication. (See id. at 58–59 and n.17

5

(observing that Respondent's view of whether certain claims were exhausted or defaulted had evolved during the course of litigation).) However, by the time Respondent filed his reply in support of his motion for summary judgment, he was very clear about the status of Petitioner's IATC-mitigation claims:

> The petitioner cannot show that Martinez applies to excuse the procedural default of this claim. In essence, this is a claim that trial counsel failed to investigate and present available mitigating evidence. The petitioner raised this allegation in his amended post-conviction petition, and the post-conviction court considered the claims on the merits. (ECF No. 26-7, Page ID# 7762, 7767, ¶ 4.11, ¶ 5.24; ECF No. 26-8, Page ID# 8022-23.) The petitioner procedurally defaulted this claim on post-conviction appeal. Martinez does not apply to claims raised in the initial review collateral proceedings but not raised on appeal. See Middlebrooks v. Carpenter, 843 F.3d 1127, 1136 (6th Cir. 2016); West v. Carpenter, 790 F.3d 693, 698 (6th Cir. 2015); Wallace v. Sexton, 570 Fed. App'x. 443, 453 (6th Cir. 2014). Because the petitioner raised this claim in his initial-review collateral proceedings and the post-conviction court considered the issue on the merits, this claim does not fall within the ambit of Martinez. Accordingly, the petitioner cannot show cause and prejudice to excuse the default.

(Doc. No. 134 at 24.) Petitioner's surreply did not dispute that he had raised his IATC-mitigation claim in his post-conviction petition or otherwise address whether or when any of his claims had been exhausted. (Doc. No. 137.) He simply argued that Martinez enabled him to present new evidence in this Court in support of any and all of his defaulted IATC claims. (Id. at 1–4.)

Similarly, the gist of Petitioner's current argument is that presenting newly-raised evidence in support of his IATC-mitigation claims effectively makes them new claims that were never raised in state court and that, accordingly, Martinez applies to them. He argues that "[t]he evidence presented in support of a claim defines the claim." (Doc. No. 155 at 4.) But the United States Court of Appeals for the Sixth Circuit held otherwise in West, as this Court explained in rejecting a nearly identical argument last year:

> Because this claim was defaulted on post-conviction appeal, rather than as the result of ineffective assistance at the initial-review stage of post-conviction proceedings, Martinez does not authorize any reconsideration of it. West v. Carpenter, 790 F.3d

693, 698–99 (6th Cir. 2015.) Relying on Ninth Circuit precedent, the petitioner argues that Claim 12a is actually a new claim that was never raised in state court "[a]s [it] is currently presented." (DE #297, at 29– 30.) But it is in fact the same claim litigated at the post-conviction hearing—that trial counsel ineffectively failed to investigate and present available mitigation evidence—with new facts raised in support of it. Like [Cullen v.] Pinholster, [563 U.S. 170 (2011),] West, Escamilla [v. Stephens, 749 F.3d 380 (5th Cir. 2014)] and Rhines [v. Young, No. 5:00-CV-05020-KES, 2016 WL 614665 (D.S.D. Feb. 16, 2016)]—and unlike Martinez—the petitioner had his day in court on this claim. As the Sixth Circuit instructed in West, even if the failure to assert these particular facts on that day resulted in the rejection of a potentially meritorious claim for reasons "traceable directly to counsel's deficient advocacy," that deficiency did not cause the *default* of the claim in order to trigger Martinez's application. West, 790 F.3d at 698–99. The default occurred when the petitioner failed to appeal the rejection of his claim, which is a stage of proceedings to which Martinez does not apply: "The holding in this case does not concern attorney errors in other kinds of proceedings, ***including appeals from initial-review collateral proceedings***[.]" Martinez v. Ryan, 566 U.S. 1, 16 (2012) (emphasis added). In essence, the petitioner is attempting to do the same thing that the Supreme Court held Pinholster was prohibited from doing—add new mitigation evidence that trial counsel was allegedly ineffective for failing to present—but with the added twist that he also defaulted the original claim on post-conviction appeal. He is not entitled to relief on either basis.

Smith v. Carpenter, No. 3:99-CV-0731, 2018 WL 317429, at *13 (M.D. Tenn. Jan. 8, 2018) (Trauger, J.), certificate of appealability denied sub nom. Smith v. Mays, No. 18-5133, 2018 WL 7247244 (6th Cir. Aug. 22, 2018).  In denying a COA from that ruling, the Sixth Circuit made it even more clear than it was in March that habeas petitioners cannot use Martinez to bolster IATC claims with evidence they failed to present in state court:

> Lastly, Smith argues that his trial counsel provided ineffective assistance by failing to present mitigating evidence of his background and personal history. It is undisputed that Smith's post-conviction counsel raised this claim in his state post-conviction petition but his appellate post-conviction counsel failed to appeal the denial of the claim. This court has concluded that the Martinez/Trevino exception does not extend to ineffective assistance provided by post-conviction appellate counsel. See West v. Carpenter, 790 F.3d 693, 699 (6th Cir. 2015). Smith also attempts to rely on new evidence in support of this claim developed during his federal habeas proceedings, but this court has concluded that such an attempt is not permissible under Martinez and Trevino. See Moore v. Mitchell, 708 F.3d 760, 785 (6th Cir. 2013).

Smith, 2018 WL 7247244, at *4.

Petitioner argues that "[i]t was [the] abject failure of counsel—not Mr. Rogers—that led the state court to reject the claim it was presented." (Doc. No. 155 at 16.) But he ignores that having a claim rejected and defaulting a claim are two materially different events under habeas law. He asserts, purely as a matter of logic, that "there is no principled difference between an ineffective post-conviction attorney failing to raise a claim at all and an ineffective post-conviction attorney raising a claim but then ineffectively failing to present or develop the facts." (Id.) But he does not address, much less distinguish, West, Moore, or any of the other circuit precedent that is clearly adverse to that position. He argues that his failure to appeal the post-conviction trial court's denial of relief "is of no moment," (id. at 16 n.2), but West teaches the exact opposite. Because the cases cited above dictate that Martinez does not apply to the claims in question—and those claims are thus procedurally defaulted without cause—it is unnecessary for the Court to speak to Petitioner's arguments about whether the claims are substantial. (See Doc. No. 155 at 5–12.) And because existing Sixth Circuit law so clearly forecloses Petitioner's argument, the matter does not "deserve encouragement to proceed further" as required for a COA to issue. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

For these reasons, Petitioner's motion will be denied.

An appropriate Order shall enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE